IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY JOSEPH THOMAS, | No. 2:23-CV-2035-DMC-P |
| Plaintiff, | ORDER |
| v. | and |
| ACQUSTICO, et al., | FINDINGS AND RECOMMENDATIONS |
| Defendants. | |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Plaintiff's original complaint, ECF No. 1.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). This provision also applies if the plaintiff was incarcerated at the time the action was initiated even if the litigant was subsequently released from custody. See Olivas v. Nevada ex rel. Dep't of Corr., 856 F.3d 1281, 1282 (9th Cir. 2017). The Court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply,

concisely, and directly. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996). Because Plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard. Additionally, it is impossible for the Court to conduct the screening required by law when the allegations are vague and conclusory.

## I. PLAINTIFF'S ALLEGATIONS

Plaintiff Larry Joseph Thomas names the following as defendants: (1) Acqustico, Sacramento County Superior Court Judge, (2) R.V. Stroud, Sacramento County Superior Court Judge, (3) "California State Peoples," (4) "Sacramento County Superior Courtrooms," (5) A Sawtelle, Sacramento County Superior Court Judge, and (5) "Warden, Kern Valley State Prison." See ECF No. 1, pg. 1-2.

In his first claim, Plaintiff asserts that Defendants violated his Eighth Amendment rights by continuously denying Plaintiff the right to present appealable issues that were re-addressed to Sacramento County Superior Court. See id. at 3. Plaintiff claims that this denial caused Plaintiff to suffer an intentional infliction of emotional distress. See id. Plaintiff asserts that due to continuous filings that span over two decades, Plaintiff has suffered injuries related to intentional infliction of emotional distress. See id.

In his second claim, Plaintiff alleges that Defendants abused their sentencing authority discretion power, violating Plaintiff's rights as a prisoner in custody in the state of California to file a civil rights claim. See id. at 4. Plaintiff claims that Defendants abused their sentencing authority discretionary power by sentencing Plaintiff with enhanced prison terms based on prior offenses. See id. Plaintiff asserts that he is still awaiting recall or resentencing hearings and is overdue for release. See id. at 4.

/ / /

/ / /

Finally, Plaintiff asserts that Defendant R.V. Stroud violated Plaintiff's civil rights in denying access to the courtroom. See id. at 5. Plaintiff claims that Defendant Stroud committed misconduct through prejudice and open racism during the trial hearing by making retaliatory statements toward Plaintiff. See id. According to Plaintiff, Defendant Stroud knowingly appointed a white supremacist, racist attorney. See id. at 5.

## II.  DISCUSSION

Plaintiff's complaint suffers from multiple defects. First, Plaintiff cannot maintain a suit against defendants Judge Acqustico, Judge R.V. Stroud, or Judge A. Sawtelle as judges are absolutely immune from damage actions for judicial acts taken within the jurisdiction of their court. Second, Plaintiff's cannot use a suit under 42 U.S.C. § 1983 to assert his entitlement to immediate release or the invalidity of his underlying conviction or sentence.

### A.  Judicial Immunity

Judges are absolutely immune from damage actions for judicial acts taken within the jurisdiction of their courts.  See Schucker v. Rockwood, 846 F.2d 1202, 1204 (9th Cir. 1988) (per curiam).  This immunity is lost only when the judge acts in the clear absence of all jurisdiction or performs an act that is not judicial in nature.  See id.  Judges retain their immunity even when they are accused of acting maliciously or corruptly, see Mireles v. Waco, 502 U.S. 9, 11 (1991) (per curiam); Stump v. Sparkman, 435 U.S. 349, 356-57 (1978), and when they are accused of acting in error, see Meek v. County of Riverside, 183 F.3d 962, 965 (9th Cir. 1999). This immunity extends to the actions of court personnel when they act as "an integral part of the judicial process." See Mullis v. U.S. Bankruptcy Court, 828 F.2d 1385, 1390 (9th Cir. 1987).

Here, Plaintiff names as defendants Judge Acqustico, Judge R.V. Stroud, and Judge A. Sawtelle.  These defendants have absolute immunity for damage actions for the actions taken within the Sacramento County Superior Court.  The defect identified cannot be cured by an amendment.

/ / /

/ / /

  B. **Relationship to Habeas**

    When a state prisoner challenges the legality of his custody and the relief, he seeks is a determination that he is entitled to an earlier or immediate release, such a challenge is not cognizable under 42 U.S.C. § 1983 and the prisoner's sole federal remedy is a petition for a writ of habeas corpus.  See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973); see also Neal v. Shimoda, 131 F.3d 818, 824 (9th Cir. 1997); Trimble v. City of Santa Rosa, 49 F.3d 583, 586 (9th Cir. 1995) (per curiam).  Thus, where a § 1983 action seeking monetary damages or declaratory relief alleges constitutional violations which would necessarily imply the invalidity of the prisoner's underlying conviction or sentence, or the result of a prison disciplinary hearing resulting in imposition of a sanction affecting the overall length of confinement, such a claim is not cognizable under § 1983 unless the conviction or sentence has first been invalidated on appeal, by habeas petition, or through some similar proceeding.  See Heck v. Humphrey, 512 U.S. 477, 483-84 (1994) (concluding that § 1983 claim not cognizable because allegations were akin to malicious prosecution action which includes as an element a finding that the criminal proceeding was concluded in plaintiff's favor).

    Here, Plaintiff asserts that Defendants abused their sentencing authority discretionary power by sentencing Plaintiff with enhanced prison terms based on prior offenses.  Additionally, Plaintiff alleges that he is still awaiting recall or resentencing hearings and is overdue for release.  Because it is clear that Plaintiff's conviction and sentence have not been invalidated or otherwise set aside, Plaintiff's claims are not cognizable under § 1983.  This defect also cannot be cured through amendment.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

### III.  CONCLUSION

Because it does not appear possible that the deficiencies identified herein can be cured by amending the complaint, Plaintiff is not entitled to leave to amend prior to dismissal of the entire action.  See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).

Based on the foregoing, the undersigned hereby orders and recommends as follows:

  1. It is ORDERED that the Clerk of the Court is directed to randomly assign a District Judge to this case.

  2. It is RECOMMENDED that this action be dismissed for failure to state a claim upon which relief can be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the court.  Responses to objections shall be filed within 14 days after service of objections.  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  January 23, 2024

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE